FILED
 2009 Apr-21 PM 02:53
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **MICHELLE (BURDICK) HUCKABEE,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**GREEN TREE FINANCIAL CORPORATION (A.K.A. GREEN TREE FINANCIAL AL - LLC; GREEN TREE SERVICING LLC; F/K/A CONSECO FINANCE CORPORATION; any and all agents of the same; collectively, and hereinafter referred to a "GREEN TREE"); et al.,** )<br>)<br>**Defendants.** ) | **Case No.: 1:08-CV-2432-VEH** |

# **MEMORANDUM OPINION**

**I.    INTRODUCTION**

Before the Court are the Motion to Compel Arbitration or, in the Alternative, to Dismiss (Doc. 7) filed by Defendant Green Tree Financial Corp. ("Green Tree") and the Motion to Dismiss or Alternatively Motion to Compel Arbitration (Doc. 11) filed by Defendant Atkinson Homes, Inc. ("Atkinson").  The Plaintiff, Michelle (Burdick) Huckabee ("Huckabee"), proceeding *pro se*, opposes both motions (Docs.

14-15.) For reasons discussed below, the Court finds that the pending motions are due to be **GRANTED IN PART** and otherwise **TERMED AS MOOT**, because the relevant limitations period has run on all claims alleged by the Plaintiff and the Court declines to address the motions to compel.

## II.    FACTUAL AND PROCEDURAL HISTORY

Huckabee resides in Sylacauga, Alabama and, at the time of the relevant events, she worked as a receptionist at a veterinary clinic. (Doc. 1 at 3-4.) She signed a Manufactured Home Retail Installment Contract on April 15, 2002, for a manufactured home at Atkinson's office. (Doc. 1 at 3.) Atkinson provided her $4,500.00 for a down payment on the manufactured home. (Doc. 1 at 4.) Green Tree extended a line of credit to her for $161,913.60. (*Id.*) Huckabee was unsure about her ability to afford the payments, as she had little savings and a small income, but she was encouraged by Atkinson agents to sign the contract. (Doc. 1 at 3.) Huckabee has now fallen behind on her payments and Green Tree now seeks to repossess the home. (Doc. 1 at 6.)

Huckabee filed this case on December 31, 2008, (Doc. 1) against Atkinson and Green Tree ("Defendants"). In her Complaint, she alleged that Defendants violated several provisions of the Truth In Lending Act (TILA), 15 U.S.C. § 1601 *et seq*. Specifically, she contends that Defendants never provided her a "Notice of Right to

Rescind" in violation of Regulation Z of TILA, 12 C.F.R. § 226.15 and that she is the victim of a predatory loan made in violation of 12 C.F.R. § 226.34, since neither of the Defendants considered her ability to repay the loan.  Huckabee seeks an injunction to prevent Green Tree from repossessing her home and she seeks monetary damages in the amount of $500,000.00, as well as full and unencumbered title to her manufactured home.  Finally, she seeks a "formal handwritten apology" signed by each of the Defendants' chief executive officers.

Defendants filed the pending motions on March 17, 2009, (Doc. 7) and March 25, 2009, (Doc. 11).  The Court entered separate orders requiring Huckabee to show cause why the pending motions should not be granted and it noted that, because the motions to dismiss referred to matters outside the pleadings, they must be construed as motions for summary judgment. (Docs. 9; 13.) Huckabee responded by submitting two Affidavits (Docs. 14, 15) in response to the pending motions.  Therein, she argues that the arbitration clause in the contract she signed does not apply because all illegal acts took place before she signed the contract.  (Docs. 14 at 4; 15 at 3.)  She has not responded in any substantive aspect to the motions to dismiss, which the Court treats as motions for summary judgment.

### III.  SUMMARY JUDGMENT STANDARD[1]

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). Once the moving party has satisfied its responsibility, the burden shifts to the nonmovant to show the existence of a genuine issue of material fact. *Id*. "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Id*. (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted). "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 999 (11th

---

[1] These are the facts for summary judgment purposes only.  They may not be the actual facts.  *See Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1400 (11th Cir. 1994) ("'[W]hat we state as 'facts' in this opinion for purposes of reviewing the rulings on the summary judgment motion [ ] may not be the actual facts.'") (citation omitted).

Cir.1992) (internal citations and quotations omitted). "Summary judgment is justified only for those cases devoid of any need for factual determinations." *Offshore Aviation v. Transcon Lines, Inc.*, 831 F.2d 1013, 1016 (11th Cir.1987) (citation omitted).

## IV.   ANALYSIS[2]

Under TILA, a claim concerning a right-to-rescind must be brought within three years of the date the transaction in question occurred. *See* 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor."); *see also Beach v. Ocwen Federal Bank*, 523 U.S. 410, 419 (1998) ("We respect Congress's manifest intent by concluding that the Act permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run."). Defendants contend that Huckabee's complaint is due to be dismissed because

---

[2] Because the Court finds that the aspects of the pending motions that seek dismissal of the case are due to be granted, the Court need not address the motion to compel arbitration. Atkinson filed a motion to dismiss and sought to compel arbitration in the alternative.(Doc. 11), while Green Tree sought to do the exact opposite. Further, Green Tree, in its Reply Brief (Doc. 16), initially responds (before addressing its motion to compel) that because Huckabee did not respond to the substantive aspects of their motion to dismiss, the case could be dismissed and judgment should be entered in their favor. (*Id.* at 1.) Because the Court assumes that all parties would prefer to avoid the expense of arbitration if the action is due to be dismissed, the Court first turns to the aspects of the pending motions which seek dismissal of the case

the relevant transaction occurred on April 12, 2002. (Doc. 7 at 9.) Because this action was commenced on December 31, 2008, it is clear that the statute of limitations has run as to any claim Huckabee has as to her right to rescind the agreement.[3] Thus, insofar as she alleges that she has a right to rescind the agreement, summary judgment is due to be granted in favor of the Defendants.

As to her claim for damages for violations of TILA, under 15 U.S.C. § 1640(e), any action seeking damages under TILA must be brought "within one year from the date of the occurrence of the violation." As Huckabee herself claims in her Affidavit, all alleged violations occurred prior to the time she signed the agreement, which was in April, 2002. (Doc. 15 at 4.) Clearly, as of December 31, 2008, more than one year had passed since 2002. Therefore, with respect to any claim for damages under TILA, Huckabee's claims are time-barred. Summary judgment is due to be granted in favor of the Defendants on this ground.

Finally, Atkinson refers to "Fraud and Misrepresentation Claims" in one section of its brief, noting that "[h]idden within the plaintiff's complaint, there appear to be claims against [Atkinson] for fraud and misrepresentation in the sale of the manufactured home at issue." (Doc. 11 at 3.) The Court has reviewed Huckabee's

---

[3] The Court is not certain, based on her Complaint, whether Huckabee seeks to rescind the contract.

Complaint and nothing in it indicates that she has alleged a claim for common law fraud or misrepresentation. Further, Huckabee has not attempted to argue in either of her Affidavits that she asserts a claim for fraud. In any event, even if she had alleged a cause of action under this tort, the Alabama limitations period is two years. *See Fogarty v. Southworth*, 953 So. 2d 1225, 1228 (Ala. 2006). Thus, even if Huckabee's Complaint did contain a count for fraud, it would also be time-barred.

Because the Court finds that applicable limitations periods require the dismissal of Huckabee's Complaint, the Court declines to address the Defendants' remaining arguments, namely that the regulations relied upon by Plaintiff to support her causes of action under TILA do not apply to a "residential mortgage transaction." (Doc. 11 at 2-3.)

## V.   CONCLUSION

Since the Court finds that Huckabee's claims are untimely filed against the Defendants, the pending motions are due to be **GRANTED** insofar as they seek dismissal of the case. The events in question occurred nearly seven years ago–well outside of any applicable limitations period. Because the Court does not reach those portions of the motions which seek to compel arbitration, they will be **TERMED AS MOOT**. A separate Order will be entered.

**DONE** and **ORDERED** this the 21st  day of April, 2009.

                                                           _____
                                                           **VIRGINIA EMERSON HOPKINS**
                                                           United States District Judge